UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BC REI, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 25-407 |
| JOTUN PAINTS, INC. | * | SECTION "P" (2) |

**ORDER AND REASONS**

Pending before me is Jotun Paints, Inc.'s Motion to File Documents Under Seal. ECF No. 50. Jotun requests leave to file under seal its Motion to Enforce Settlement Agreement, along with its Memorandum in Support, exhibits, and proposed order. *Id.* at 1. This matter has been referred for resolution. ECF No. 52.

Having considered the record, the submissions and argument of counsel, and the applicable law, the Motion is GRANTED IN PART and DENIED IN PART for the reasons stated herein.

## I. APPLICABLE LAW

There is a presumption in favor of access to judicial records,[1] and the standard for placing a document under seal is different from that governing whether unfiled discovery should be kept confidential.[2] Because the sealing of judicial records is the exception rather than the norm, the court must be "ungenerous" with its discretion to seal judicial records.[3] Before sealing a document, the court must assess governing case law and determine that sealing is necessary. "To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[4] "Sealings must be explained at a level of detail that will allow for [appellate]

---

[1] *8fig, Inc. v. Stepup Funny, L.L.C.*, 135 F.4th 285, 293 (5th Cir. 2025).
[2] *See Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021); Local Rule 5.6.
[3] *Le,* 990 F.3d at 418; *see June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–21 (5th Cir. 2022).
[4] *June Med. Servs.*, 22 F.4th at 521 (citation modified).

review. And a court abuses its discretion if it makes no mention of the presumption in favor of the public's access to judicial records and fails to articulate any reasons that would support sealing."[5]

While there is a presumption of public access to judicial records, courts have recognized that this access is not absolute.[6] In certain cases, litigants may have good reasons to file documents under seal.[7] For instance, courts have found compelling interests in secrecy when a case involves a minor, protected banking or financial information, trade secrets, and national security matters.[8] Courts also recognize the strong interest in keeping personal financial records from public view, particularly when the information is that of a non-party individual.[9]

The party seeking to overcome the presumption of public access bears the burden to show that its privacy interests outweigh the presumption, and the court should construe any doubt in favor of disclosure.[10] The party "must explain in particularity the necessity for sealing."[11] This requires the movant to "not only point to specific confidential information contained in the document, but also show the specific harm that would be suffered if the public were granted access to this document."[12]

---

[5] *Le*, 990 F.3d at 419 (citation modified); *accord. United States v. Ahsani*, 76 F.4th 441, 452 (5th Cir. 2023).
[6] *See, e.g., S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information); *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La. Jan. 8, 2020) (citation modified) (noting that courts have recognized "parties' strong interest in keeping their detailed financial information sealed" because the public has a "relatively minimal interest in that particular information"); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, No. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers).
[7] *Le*, 990 F.3d at 419.
[8] *Doe v. Crawford*, 702 F. Supp. 3d 509, 513 (S.D. Miss. 2023).
[9] *St. Charles-Guillot Inv., LLC v. One Source Roofing, Inc.*, No. 23-30, 2024 WL 5440833, at *2 (E.D. La. Oct. 21, 2024).
[10] *Weiss v. Allstate Ins. Co.*, No. 06-3774, 2007 WL 2377119, at *4 (E.D. La. Aug. 16, 2007); *Marcus v. St. Tammany Par. Sch. Bd.*, No. 95-3140, 1997 WL 313418, at *5 (E.D. La. June 9, 1997)).
[11] *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019).
[12] *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015).

## II. ANALYSIS

The party seeking to seal a document from public view carries the burden to establish that sealing is proper.[13] Here, Jotun argues that its motion should be kept confidential because the parties agreed to keep the terms of their settlement confidential. ECF No. 50-1, at 2–3. Disclosing the terms while trying to enforce the settlement, Jotun contends, would undermine the very confidentiality it specifically sought in settlement. *Id.* at 3.

While Jotun's position has merit, its requested relief must be limited. The Fifth Circuit affirmed the sealing of a settlement agreement because the parties had agreed to maintain confidentiality and public policy favored settlement.[14] In so holding, the Fifth Circuit noted that the district court had properly limited the order to seal to three exhibits.[15] Similarly, Local Rule 5.6 of the Eastern District of Louisiana requires a party to conduct a line-by-line analysis of the documents it seeks to seal. Despite Jotun's position that its requested relief "is no broader than necessary," the wholesale sealing of the entire Motion to Enforce Settlement along with its attachments is improper. *Id.*

A more targeted analysis achieves the balance of the parties' privacy interests in their settlement with the public's right of access.[16] While documents reflecting settlement terms should be placed under seal, all other documents (and portions) that do not reveal settlement terms should remain available in the public record.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

---

[13] *See BP Expl. & Prod., Inc.*, 920 F.3d at 211.
[14] *Seals v. Herzing Inc.-New Orleans*, 482 F. App'x 893, 896 (5th Cir. 2012).
[15] *Id.*
[16] *Le*, 990 F.3d at 419; *United States v. Planned Parenthood Fed'n of Am.*, No. 21-22, 2023 WL 8116198, at *4 (N.D. Tex. Aug. 4, 2023).

IT IS ORDERED that Jotun Paints, Inc.'s Motion to File Documents Under Seal (ECF No. 50) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that, absent any properly filed Objection/Appeal of this Order within 14 days, redacted versions of ECF Nos. 50-3 and 50-4 consistent with this Order and Reasons, will be placed into the court record.

IT IS FURTHER ORDERED that the Clerk of Court file ECF Nos. 50-7–50-12 under seal.

IT IS FURTHER ORDERED that the request to seal the remaining documents is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court file 50-3–50-12 as indicated above into the record as a separate docket entry entitled "Motion to Enforce Settlement Agreement."

Dated this 28th day of October, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE